# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHARLES CHASE, | Case No. |
| Plaintiff, | HON. |
| v | **DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441 and 1446** [DIVERSITY JURISDICTION] |
| LOWE'S HOME CENTERS, L.L.C., | |
| Defendant. | Complaint Filed: November 29, 2023<br>Circuit Court, Marquette County, MI<br>Case No. 23-63150-CK |
| Jonny L. Waara (P55525)<br>Petrucelli & Waara, P.C.<br>328 W. Genesee St.,<br>P.O. Box AA<br>Iron River MI 49935<br>(906) 265-6173<br>*Attorney for Plaintiff* | Jennifer J. Stocker (P60625)<br>BARNES & THORNBURG LLP<br>171 Monroe Ave., NW, Suite 1000<br>Grand Rapids, Michigan 49503<br>(616) 742-3932<br>jstocker@btlaw.com<br>*Attorney for Defendant* |

**TO:    THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Lowe's Home Centers, L.L.C. ("Defendant") removes this action from the 25th Judicial District Circuit Court for the County of Marquette, State of Michigan to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Defendant removes on the grounds that complete diversity of citizenship exists between Plaintiff Charles Chase ("Plaintiff"), a citizen of Michigan, and Defendant, a citizen of North Carolina.  Further, the amount in controversy exceeds $75,000, and the foregoing facts were also true when Plaintiff filed the Complaint.

## I.    THE STATE COURT ACTION

1.    On November 29, 2023, Plaintiff filed an action against Defendant entitled *Charles Chase, Plaintiff, vs. Lowe's Home Centers, L.L.C., Defendant* in the 25th Circuit Court for

Marquette County, MI, Case Number 23-63150-CK. A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

2. Plaintiff obtained a summons for and served Defendant by certified mail service to CSC-Lawyers Incorporating Service on December 8, 2023.

II. **REMOVAL IS TIMELY**

3. Service of a summons and complaint by certified mail service is complete upon mailing. Mich. Ct. R. 2.105.  A defendant in a civil action has thirty days from the date that service of the summons and complaint is complete to remove the action to federal court. 28 U.S.C. § 1446(b).

4. As set forth above, Plaintiff served the Summons and Complaint by certified mail service on the resident agent, CSC-Lawyers Incorporating Service, on December 8, 2023. Defendant files this removal within thirty days of December 8, 2023, therefore removal is timely.

III. **COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**

A. **Plaintiff Is a Citizen of Michigan**

5. For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).  A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).

6. Plaintiff is, and at all times relevant to this action was, a citizen of Michigan with his principal place of residence in Michigan. *See* Compl., ¶ 1 ("The plaintiff, Charles Chase, at all relevant times resided in Gwinn, Marquette County, Michigan."). Plaintiff's domicile in Michigan is further established by his personnel file, which shows that: (a) Plaintiff resided in Gwinn, Michigan at the time of his hire by Defendant; (b) Plaintiff resided in Michigan throughout his employment; and (c) Plaintiff's last known address indicates he resided in Gwinn, Michigan at the time his employment with Defendant ended on December 1, 2020. *See* **Exhibit B** Declaration of Grace Ridley (Ridley Decl.), ¶ 8; *see also Von Dunser v. Aronoff,* 915 F.2d 1071, 1072 (6th Cir.

1990). "A person's previous domicile is not lost until a new one is acquired." Therefore, Plaintiff is a citizen of Michigan.

### B. Defendant is a Citizen of North Carolina.

7. For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010). This is typically the place where the corporation "maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

8. Lowe's Home Centers, LLC is a North Carolina corporation with a principal place of business in Mooresville, North Carolina. (Complaint ¶ 2; Ridley Decl.,¶¶ 4,5.) Therefore, Defendant is a citizen of North Carolina.

9. When federal jurisdiction is asserted as the basis of removal, diversity must exist both at the time the action is commenced in state court and when the petition for removal is filed. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.2d 904, 907 (6th Cir. 1990).

10. Because Plaintiff is a citizen of Michigan and Defendant is a citizen of North Carolina, complete diversity among the parties exists.

## IV.   THE JURISDICTIONAL MINIMUM IS SATISFIED

11. This Court's jurisdictional minimum of an amount in controversy over $75,000 is satisfied.[1]

12. Defendant is only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Lewis v. Exxon Mobil Corp.,* 348 F. Supp. 2d 932, 933 (W.D. Tenn. 2004). The Court may, for removal purposes, look to the Complaint and

---

[1] Defendant discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy exceeds $75,000. In doing so, Defendant does not admit that it is liable for the alleged violations that Plaintiff is entitled to these damages, or that Plaintiff will be able to recover on any of his causes of action.

3

removal papers for underlying facts establishing the jurisdictional limit. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872-73 (6th Cir. 2000).

13. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hayes v. Equitable Energy Resources Co.,* 266 F.2d 560, 572-73 (6th Cir. 2001); *Heyman v. Lincoln National Life Insurance Company*, 781 Fed. Appx. 463 (6th Cir. 2019).

### A. Lost Earnings

14. Plaintiff seeks to recover lost earnings. (Compl., ¶¶ 16-17, Prayer, ¶¶ a-d.)

15. Plaintiff was paid an hourly rate of $20.03 per hour for 40 hours per week. (Ridley Decl., ¶ 8.) This equates to approximately $801.20 per week and $41,662.40 per year ($801.20 x 52 weeks).

16. Based on Plaintiff's weekly earnings of approximately $801.20, Plaintiff's purported lost earnings since the end of his employment on December 1, 2020, to the date of filing this action on November 29, 2023, currently total approximately $124,987.20 ($801.20 per week x 156 weeks).

17. According to the 2023 Judicial Caseload Profile for the Western District of Michigan, the median time from filing to trial for civil cases is 34.9 months (or approximately 139.6 weeks). *See* **Exhibit C** Declaration of Jennifer J. Stocker ("Stocker Decl."), ¶ 4.)  34.9 months from the November 29, 2023 date of filing in this case is approximately October 2026. Thus, the amount of past lost earnings Plaintiff has put in controversy, i.e., total lost earnings between the end of Plaintiff's employment on December 1, 2020 to filing, and through the estimated trial date in this matter based on the median time to trial in this District, is $240,520.24 ($801.20 per week x 300.2 weeks).

### B. Emotional Distress Damages

18. Plaintiff seeks an award of emotional distress damages encapsulated by his request for compensatory damages. (Compl., ¶ 17; Prayer, ¶ a.)

4

19.     Emotional distress damages are properly considered in calculating the amount in controversy. *See Crumley v. Greyhound Lines, Inc.,* 2011 WL 1897185, *3 (W.D. Tenn., May 18, 2011). "The Court may consider the approximately $38,000 in lost wages, unspecified damages for severe mental and emotional distress, and the mount of a reasonable attorney's fee in determining whether the amount in controversy exceeds $75,000").

20.     While Plaintiff does not state a specific amount of emotional distress damages that he is seeking, "[i]n computing the amount in controversy, the Court may consider these unspecified amounts of damages. *Belew v. Seco Architectural Systems, Inc.,* 2017 WL 385775, *3 (E.D. Tenn., Jan. 25, 2017) (plaintiff's failure to make explicit demands did not prevent satisfaction of the amount in controversy) In addition to backpay, interest on backpay, front pay, and equitable relief, the Court may order compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

21.     Emotional distress damages in worker's compensation retaliation actions can be substantial. For example in *Dunbar v. Dep't of Mental Health,* Michigan Court of Appeals upheld an award of emotional distress damages totaling $37,500.

22.     Plaintiff has sought relief for at least $25,000 in compensatory damages. (Compl., ¶ 17; Prayer, ¶ a.).

D.     **Exemplary Damages**

23.     Plaintiff seeks an award of exemplary damages. (Compl., Prayer, ¶ c.)

24.     Exemplary damages are also included when determining the amount in controversy. *S. States Police Benevolent Assn v. Second Chance Body Armor, Inc.,* 336 F. Supp. 2d 731, 734 (W.D. Mich. 2004*)*. The proper amount of exemplary damages under Michigan law is based on the need to "compensate plaintiffs for humiliation, outrage, and indignity resulting from a defendant's wilful, wanton, or malicious conduct. *In re Disaster at Detroit Metro. Airport,* 750 F. Supp. 793, 805 (E.D. Mich. 1989).

25.     Plaintiff has sought relief for at least $25,000 in exemplary damages. (Compl., Prayer, ¶ c.)

      **E.**    **Total Claimed Damages**

26. While the Complaint does not allege a damage amount, removal is proper as it is more likely than not, based on the allegations in the Complaint and the Petition and Notice of Removal, that the value of Plaintiff's claims exceeds $75,000. *See Rogers v. Wal-Mart Stores, Inc.,* 230 F.2d 868, 871 (6th Cir. 2000).

27. In sum, the total amount in controversy is at least $174,982.20, well above the $75,000 jurisdictional minimum, as demonstrated below.

| Type of Damages | Amount in Controversy |
| --- | --- |
| Lost Earnings (through filing) | $124,987.20 |
| Emotional Distress (Compensatory) | $25,000+ |
| Exemplary Damages | $25,000+ |
| **Total** | **$174,987.20+** |

**V.**    **THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED**

28. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

29. This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

30. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is accompanied by **Exhibit A**, which is a copy of all process, pleadings, and orders served on Defendant.

31. In accordance with 28 U.S.C. section 1446(b), Defendant's Notice of Removal was filed within thirty days after completion of the initial service on Defendant, which was on December 8, 2023.

32. In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via its counsel and will file a copy of that Notice with the 25th Circuit Court for Marquette County, Michigan.

## VI. **CONCLUSION**

33. Because jurisdiction is proper under 28 U.S.C. section 1332 (diversity), Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

34. If this Court has any questions regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause, so that Defendant may have an opportunity to address such questions.

Dated: December 27, 2023

Respectfully submitted,

*/s/ Jennifer J. Stocker*
Jennifer J. Stocker (P60625)
Barnes & Thornburg LLP
171 Monroe Ave., NW, Suite 1000
Grand Rapids, MI  49503
Ph:   (616) 742-3932
Fax: (616) 742-3999
jstocker@btlaw.com

DMS 41084782.1